1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                       * * *
                                          )
9    SCOTT D. SEXTON and SONIA SEXTON,    )
                                          )
10                 Plaintiffs,            )          3:11-CV-0440-LRH-VPC
                                          )
11   v.                                   )
                                          )          ORDER
12   INDYMAC BANK, FSB; et al.,           )
                                          )
13                 Defendants.            )
     ─────────────────────────────────   )
14

15          Before the court is plaintiffs Scott D. Sexton and Sonia Sexton's (collectively

16   "the Sextons") motion for reconsideration of the court's order granting defendants' motions to

17   dismiss (Doc. #14[1]). Doc. #15. Defendants file oppositions (Doc. ##16, 18) to which the Sextons

18   replied (Doc. #20).

19          Also before the court is defendants' motion to expunge lis pendens. Doc. #13.

20   **I.      Facts and Procedural History**

21          On May 1, 2007, the Sextons purchased real property through a mortgage note and deed of

22   trust executed by defendant IndyMac Bank, F.S.B. ("IndyMac"). The Sextons defaulted on the loan

23   and defendants initiated non-judicial foreclosure proceedings.

24          Subsequently, on May 12, 2011, the Sextons filed a complaint against defendants alleging

25

26   ─────────────────────

         [1] Refers to the court's docketing number.

nine causes of action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade

Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100;

(4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud;

(8) slander of title; and (9) abuse of process. Doc. #2, Exhibit A. In response, defendants file a

series of motions to dismiss (Doc. ##6, 8) which were granted by the court (Doc. #14). Thereafter,

the Sextons filed the present motion for reconsideration. Doc. #15.

**II.     Discussion**

The Sextons bring their motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A

motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order

where the court is presented with newly discovered evidence, an intervening change of controlling

law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see

also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah

County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In their motion, the Sextons contend that there has been an intervening change in

controlling law such that the court's prior order is in error. *See* Doc. #21. Specifically, the Sextons

argue that the recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d

1034 (9th Cir. September 7, 2011), establishes that a party must be a holder of both the mortgage

note and deed of trust to initiate non-judicial foreclosure proceedings. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that

reconsideration of the court's order is not warranted. The Sextons' reliance on *Cervantes* is

misplaced. First, that decision is based solely on the application of Arizona law which differs

greatly from Nevada law in terms of non-judicial foreclosures. Nevada law does not require the

production of the original note before one of the statutorily enumerated parties initiates a non-

judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D.

Nev. 2010). Second, the *Cervantes* court re-established the legality of statutorily enumerated parties

initiating non-judicial foreclosure proceedings against a defaulting party. *See Cervantes*, 656 F.3d

at 1044. Therefore, the court finds that the Sextons' motion for reconsideration is without merit and

shall deny the motion accordingly.


      IT IS THEREFORE ORDERED that plaintiffs' motion to reconsider (Doc. #15) is

DENIED.

      IT IS FURTHER ORDERED that defendants' motion to expunge lis pendens (Doc. #13) is

GRANTED. Defendants shall have up to ten (10) days from entry of this order to prepare and

appropriate order expunging the lis pendens in this action and submit the same for signature.

      IT IS SO ORDERED.

      DATED this 21st day of May, 2012.

_____

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3